[J-2-2023] [MO: Mundy, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 70 MAP 2022 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court dated December 21, |
| | : | 2021, at No. 161 EDA 2021 |
| v. | : | Affirming the Judgment of Sentence |
| | : | of the Chester County Court of |
| | : | Common Pleas, Criminal Division, |
| JOSEPH MELVIN ROLLINS, | : | dated December 3, 2020 at |
| | : | No. CP-15-CR-0003756-2019 |
| Appellant | : | |
| | : | SUBMITTED:  January 18, 2023 |

**CONCURRING OPINION**

**JUSTICE BROBSON**                                                  **DECIDED:  April 19, 2023**

I agree that Section 1543(b)(1)(iii) of the Vehicle Code, 75 Pa. C.S. § 1543(b)(1)(iii), is not unconstitutionally vague in violation of due process principles, but my path to that conclusion differs somewhat from the Majority's.  As this Court has time and again reiterated, the object of all statutory interpretation "is to ascertain and effectuate the intention of the General Assembly," 1 Pa. C.S. 1921(a), and the plain language of a statute "provides the best indication of legislative intent."  *Goodwin v. Goodwin*, 280 A.3d 937, 943 (Pa. 2022) (quoting *Miller v. Cnty. of Centre*, 173 A.3d 1162, 1168 (Pa. 2017)).  Presently, there are three statutes that must be applied:  Section 1543(b)(1)(iii) of the Vehicle Code; Section 106(b)(8) of the Crimes Code, 18 Pa. C.S. § 106(b)(8) (relating to misdemeanors of the third degree); and Section 9756(b)(1) of the Judicial Code, 42 Pa. C.S. § 9756(b)(1) ("The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.").

When these statutes are read *in pari materia*, as required when interpreting statutes that "relate to the same persons or things or to the same class of persons or things," 1 Pa. C.S. § 1932(a), it becomes clear that Section 1543(b)(1)(iii) of the Vehicle Code provides a *minimum* sentence of 6 months, Section 106(b)(8) of the Crimes Code provides a *maximum* sentence of 12 months, and the minimum/maximum rule in Section 9756(b)(1) of the Judicial Code tells us that the only permissible sentence is 6 to 12 months. Thus, this is not a circumstance where we have to "infer" a sentence due to the General Assembly's silence or speculate as to what sentence the General Assembly intended; rather, when we *apply* the relevant provisions of law, it becomes clear that the General Assembly intended to impose a sentence of 6 to 12 months for a violation of Section 1543(b)(1)(iii). As such, there are no due process concerns regarding notice of the potential punishment for a violation of Section 1543(b)(1)(iii), because these statutory provisions convey, in precise terms, the sentence of imprisonment the General Assembly intended courts to impose.

The General Assembly's intent as imparted in the foregoing statutes also distinguishes this case from *Commonwealth v. Eid*, 249 A.3d 1030 (Pa. 2021), as *Eid* concerns purported superfluous statutory language. Appellant essentially argues that "if this Court were to infer a maximum sentence of one year, the only sentence available would be six months to one year, in which case the legislature could have merely said so in the first place." (Majority Op. at 7.) But Appellant fails to recognize that the General Assembly *did* say so when it enacted Section 106(b)(8) of the Crimes Code and capped the sentence for a misdemeanor of the third degree at 12 months. Thus, this Court is not *inferring* anything. Further, if the General Assembly decides to amend the Crimes Code and increase the maximum sentence for a misdemeanor of the third degree, the permissible range of sentences may change. At such time, there would be no need to

amend Section 1543(b)(1)(iii) because the minimum sentence is already set. In either circumstance, the "not less than" language merely indicates that the General Assembly intended that a violation of Section 1543(b)(1)(iii) of the Vehicle Code carry a minimum sentence of 6 months' imprisonment, and the language, therefore, is not superfluous.

Presently, Appellant was convicted of violating Section 1543(b)(1)(iii) of the Vehicle Code, and the trial court sentenced Appellant to 6 to 12 months' imprisonment. Because the General Assembly provided sufficient notice to Appellant in the foregoing statutes that he would receive a sentence of 6 to 12 months' imprisonment for such a violation, I agree with the Majority that Section 1543(b)(1)(iii) is not unconstitutionally vague in violation of due process principles.